Wilson, Chief Justice, delivered the opinion of the (old) [* 36] court: Tbe plaintiff in error filed bis bill in chancery for the purpose of setting aside certain conveyances, alleged to be fraudulent and subjecting the land so conveyed, to the payment of a judgment at law. It is alleged in tbe original, amended, and supplemental bills, that William Lockard purchased from the United States a fractional section of land, paid part of the purchase money, and obtained a certificate of purchase from the register of the land office. That he subsequently sold 208 acres of the land to Dunlap, and executed his bond for a title, which bond Dunlap assigned to the complainant. Lockard died intestate, without having obtained a title from the United States, and without having' conveyed the 208 acres according to the conditions of his bond. Administration of the estate of Lockard was granted to his widow, Mary Lockard, against whom the complainant obtained a judgment on his bond, for damages in consequence of a failure to c'onvey agreeably to its terms. Upon this judgment execution was issued and returned nulla bona. It is further alleged, that the certificate of purchase came to the hands of the administratrix, and that she transferred it to Nathaniel Parker, without an adequate consideration, and for the purpose of defrauding creditors. That Nathaniel Parker received it, knowing the illegality of the assignment, and participating in the fraud u» lent design. It is also alleged that Nathaniel Parker relinquished part of the land, under the provisions of the law of congress, and having obtained a title from the government for the residue, amounting to 152 50-100 acres, conveyed the same to his brother, Benjamin Parker, who received the conveyance with a knowledge of the purchase of the land from the United States by Lock-ard, the fraudulent transfer of the certificate by the administra-trix,' and the intended fraud upon creditors, through all the transactions. The prayer of the bill is, that the conveyances be set aside, and that the land be subjected to the payment of the debts of the intestate, Lockard. The answer of the administratrix and Nathaniel Parker admits the allegations of the bill generally, as respects the purchase of the land, and the transfer of the certificate, but denies the alleged fraud and want of consideration. Benjamin Parker, by his answer, denies specifically all the allegations of fraud, and declares that he purchased and paid for the land, without any knowledge of the transactions between the administratrix and Nathaniel Parker, except the fact that the said Nathaniel Parker was the assignee of the said administratrix, which fact was recited in the patent' for the land. The testimony in the case establishes the insolvency of [* 37] the estate of Lockard; that the judgment in favor of the complainant was a subsisting claim against it; and that the certificate for the land was transferred by the administratrix to Nathaniel Parker, at a price so inadequate as to excite strong suspicion of the fairness of the transaction, especially when taken iii connexion with other circumstances disclosed by the testimony. But no notice of any suspicious circumstances are brought home to Benjamin Parker. By his answer he positively denies all knowledge of fraud in the purchase of the certificate by Nathaniel Parker, and alleges that he is a bona fide purchaser, for a valuable consideration, and this answer is uncontradicted by any testimony. It is insisted on and assigned for error, by the counsel for the complainant, first, that the land being originally purchased by Lockard, and paid for with his money, there is a resulting trust for the benefit of his heirs and creditors; second, that the admin-istratrix had no authority to dispose of the certificate of purchase; third, that the sale of the certificate, by the administratrix, to Nathaniel Parker, was a fraud upon the creditors of Lockard; and fourth, that Nathaniel Parker had no authority to sell the land, and therefore conveyed no title to Benjamin Parker. It is apparent from the errors assigned, that the counsel for the complainant has totally misconceived the principles applicable to this case. The doctrine of resulting trusts cannot aid the complainant’s application. It is no doubt true, that where a man purchases an estate, in the name of another, the trust of the legal estate results to the man who furnished the purchase money, and he, in whose name the conveyance is taken, is regarded as his trustee, and holds the estate subject to the equity of the cestui que trust; and so would all purchasers with notice of the trust. But this doctrine does not apply to a bona fide purchaser of the legal estate, without notice of the equity. It matters not, therefore, in what character Nathaniel Parker may be considered to stand, until it is shown that his vendee, Benjamin Parker, is not a purchaser in good faith. He is protected both at law and equity, against a secret trust. The land cannot therefore.be reached in his hands by the complainant, for notice is not admitted by the answer of the defendant, nor does any of the testimony establish that fact, or otherwise impugn the fairness and good faith of his purchase. The second assignment of error questions the authority of the administratrix to sell and transfer the certificate of purchase to Nathaniel Parker.. If she had no legal authority to transfer the certificate, the purchaser could acquire no title, however adequate the consideration given, and otherwise fair and honest the transaction. But the law, and the facts disclosed in this case, remove all doubt upon this point. By an act of the legislature passed in 1825, R. L. 646; Gale’s Stat. 713, an executor or administrator is authorized to relinquish part, and patent the residue, [*38] of any lands of his testator or intestate, upon which full payment has not been made, whenever that can be done agreeably to the acts of congress ; and an executor or administrator is also authorized to sell and assign a certificate of purchase of lands partially paid for, when such sale may be necessary, in order to pay the debts of the deceased. That the contingency which would warrant the sale of the certificate, by the adminis-tratrix, had occurred in this case, is fully proved by the exhibits in the cause, cannot be doubted. The bill, answer, and depositions all concur in the establishing the insolvency of the estate-of Lockard. The legal authority of the administratrix to transfer the certificate admits therefore of no question. The two last assignments of error will be considered in con- - nexión. The third assumes the assignment of the certificate of entry to Nathaniel Parker, to be a fraud upon the creditors of Lockard. From which, by the fourth assignment, it is inferred, that Nathaniel Parker acquired no title to the land so transferred, and consequently, could convey none to his vendee, Benjamin Parker. The question of fraud is, from its nature, often one of difficult solution; but where fraud is clearly shown to be one of the elements of a transaction, it so taints and vitiates it, according to the principles both of law and equity, as to render it void, not only as to the perpetrators, but also as to those who connive at, and seek to profit by it. But it would not be in harmony with these principles to declare void the conveyance to an innocent purchaser, because of the fraud of his vendor. This would be equally illegal and unjust. , The assignment of the certificate, by the administratrix, to Nathaniel Parker, is accompanied by circumstances of a very-suspicious character, and such as might justify the inference of fraud, unless we adopt the more charitable conclusion, that the parties acted in ignorance of their rights-, and the value of the certificate assigned. But, whatever may the nature of that transaction, it cannot, as this cause is now before us, control its decision. To entitle the complainant to a rescission of the conveyance to Benjamin Parker, and a decree subjecting the land to the payment of the debts of the estate of Lockard, it would have been necessary for him to establish, by testimony, the fraud imputed to the vendor of Benjamin Parker, in procuring the assignment of the register’s certificate of purchase, and, also, that he had notice of that fraud, at the time he subsequently purchased the land "in question. The bill charges fraud in the assignment of the certificate, and there is evidence conducing to prove it. It also charges Benjamin Parker with notice of this fraud at the time of his puróhase of the land, and that his purchase was intended to defraud the complainant, and the other creditors of Lockard; but this latter allegation is specifically denied by [*39] the answer of the defendant, and that is not disproved by the testimony. The complainant' has therefore failed to make out one of the points essential to his recovery. It is obvious that the assignment of errors, as well as the ar-gumenfc of counsel, proceeds upon false principles, and the assumption of facts that do not appear in the case. The original assignment and sale of the certificate of entry, by the administra-trix, was warranted by law, and the insolvent condition of the estate of the intestate. Without enquiring, therefore, into the circumstances of that sale, or the motives that influenced the parties to it; it is sufficient for the defendant, Benjamin Parker, that it is not shown, that he had any connexion with it, or that he had notice of any circumstances calculated to impugn its fairness and honesty. A purchaser would never be safe, if made responsible for the fairness of every preceding sale of the estate, whether notified of fraud or not. • It is sufficient for the purposes of equity, that he comes into court free of fraud himself, and from the knowledge of, and attempt to profit by, the fraud of others. This appears to be the condition of the defendant, Benjamin Parker, in this case. The testimony shows him to be a purchaser, for a valuable consideration, without fraud, or notice of fraud in his vendor. He is exempt, therefore, from the interference of a court of chancery, and the decree of the court below must be affirmed with costs. Decree affirmed.